MRS. ADDIE SHARP ET AL. V. H. M. WOMACK.

Application No. 24010. Decided March 1, 1939.
(125 S. W., 2d Series, 270.)

508

*Lennox & Lennox,* of Clarksville, *Hutchinson & Fisher,* of Paris, for plaintiff in error.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

This case was correctly remanded by the Court of Civil Appeals. However, as it involves a construction of the prior opinion and judgment of the Supreme Court, reported in 127 Texas, 357, 93 S. W. (2d) 712, it is thought appropriate to briefly comment upon the former opinion, with a view of enabling the lower court to correctly terminate this complicated litigation, if possible.

■ 1. With reference to the Lyle and Fryar tracts it will be observed that the former judgment was reversed only for the purpose of having the trial court ascertain the correct division line between the 274 acres, more or less, awarded to defendant Womack on the theory of res adjudicata and the balance of these two tracts sued for by Plaintiff Sharp. The 274 acres, more or less, was awarded to Womack in Cause No. 9731 by a specific description. On the former appeal, it was contended that the trial court erred in fixing the south line of this 274 acres at what was known as the south "cut bank" of Red River. The assignments raising this question were not contested, and the evidence clearly indicated that the trial court had erred in that particular. The south line of this 274 acres as fixed by the judgment of February 24, 1926, is of course res adjudicata, and it occurs to us that there ought not to be any serious difficulty in now ascertaining the location of said line. We agree with the Court of Civil Appeals that the judgment describing

this 274 acres and fixing its south line must be interpreted in the light of the pleadings in that suit, in so far as same may throw light upon and aid in ascertaining the true location of said south line.

■ 2. As to the Nations tract, our former judgment must be construed as holding Plaintiff Sharp entitled to this tract, with its accretions, as a matter of law. The judgment of the trial court as to all land in the Nations tract south of the "old (south) bank of the Red River as it existed during the year 1915, and prior to the time it changed its channel during said year," was affirmed upon the disclaimer of defendant Womack. Plaintiff Sharp was entitled to recover that part of said tract upon the disclaimer even though a portion of same may have been accreted. The opinion shows that the only reason we did not render judgment for the accretion north of the "old (south) bank of the Red River as it existed during the year 1915, and prior to the time it changed its channel during said year," was because of lack of proof as to the amount of accretion to be apportioned to this Nations tract. As to this tract, then, the trial court has the duty of ascertaining as accurately as can be done the amount of land to be apportioned to same, north of the line indicated, as an accretion, according to the method set forth in the former opinion. When this is done, judgment should be entered in favor of plaintiffs for such additional accreted land. This matter of apportioning accretions is obviously one of much difficulty, and, as to this tract, in view of the disclaimer, must be ascertained in light of the change in channel occurring in the year 1915 and since.

3 Agreeing with the action of the Court of Civil Appeals in remanding the case, the petition for writ of error is dimissed for want of jurisdiction.

Opinion adopted by the Supreme Court March 1, 1939.